PAUL M. GLEASON (SBN: 155569)
TOREY JOSEPH FAVAROTE (SBN: 198521)
JING TONG (SBN: 285061)
GLEASON & FAVAROTE, LLP
4014 LONG BEACH BLVD., STE. 300
LONG BEACH, CA 90807
(213) 452-0510 Telephone
(213) 452-0514 Facsimile
pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com
jtong@gleasonfavarote.com

Attorneys for Defendants
Transdev Bus On Demand, LLC,
Transdev Services, Inc., and Transdev North America, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER RICHARDS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRANSDEV BUS ON DEMAND, LLC., and DOES 1 through 100, <br><br> Defendant. | Case No. <br><br> **DEFENDANTS TRANSDEV SERVICES, INC. AND TRANSDEV NORTH AMERICA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** <br><br> [28 U.S.C. §§ 1332, 1441, and 1446 DIVERSITY] <br><br> State Action Filed: March 2, 2020 <br> Trial Date: None |

/ / /

/ / /

1  **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
2  DISTRICT OF CALIFORNIA, PLAINTIFF JENNIFER RICHARDS, AND
3  HER ATTORNEYS OF RECORD:**

4  PLEASE TAKE NOTICE that defendant TRANSDEV SERVICES, INC., and TRANSDEV NORTH AMERICA, INC. ("Defendants" or "Transdev") hereby removes the above-referenced action from the Superior Court in the State of California for the County of Sonoma to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

9  This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 based upon diversity under the Class Action Fairness Act ("CAFA"). Defendants make the following allegations in support of its Notice of Removal:

## JURISDICTION

1. This action is one over which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed by Defendants pursuant to 28 U.S.C. section 1441 and 1446.

2. On or about March 2, 2020, plaintiff Jennifer Richards ("Richards") filed an original complaint in the Superior Court of the State of California in the County of Sonoma, entitled, <u>JENNIFER RICHARDS individually and on behalf of, all others similarly situated, v. TRANSDEV BUS ON DEMAND, LLC.; and DOES 1-100</u>, as case number SCV-266108 against defendant Transdev On Demand, LLC. The Complaint asserts six causes of action for: (1) Failure to Pay Minimum Wage; Failure to Pay Overtime; (2) Split Shift Premiums/Reporting time; (3) Inaccurate Wage Statements; (4) Waiting time wages; (5) Bus. And Prof. Code §17200; and (6) PAGA. A true and correct copy of the complaint is attached to the Declaration of Torey Favarote ("Favarote Decl.") as **Exhibit A**. On June 4, 2020, Plaintiff filed a DOE amendment, adding Transdev Services, Inc. as DOE #2, and Transdev North America, Inc. as DOE #1 (Favarote Decl. ¶2, **Exhibit A**.) On August 14, 2020,

Plaintiff served a copy of the complaint on Transdev Services, Inc., and on August 17, 2020, Plaintiff served a copy of the complaint on Transdev North America, Inc. A true and correct copy of the Service of Process Notices that were provided to Defendants by its agent for service of process is attached to Favarote Decl. as **Exhibit C** and **D**. On September 10, 2020, Defendants submitted an answer to Plaintiff's Complaint in Sonoma County Superior Court. A true and copy of the answer is attached to Favarote Decl. as **Exhibit F**. Even though Transdev Bus on Demand, LLC is listed as the defendant, Plaintiff and the putative class members' true employer was and is Transdev Services, Inc. (Isaacs Decl., ¶2).

3. To Defendant's knowledge, no other papers or processes have been filed, submitted or received in this matter by Defendants.

## INTRADISTRICT ASSIGNMENT

4. Northern District of California Civil Local Rule 3-2 provides that all civil actions arising in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma Counties shall be assigned to the San Francisco or Oakland Divisions. See Northern District Local Rules 3-2(c) and (d), and 3-5(b). Plaintiff filed this case in Sonoma County.

## CAFA JURISDICTION

5. <u>Basis of Original Jurisdiction</u>: This Court has original jurisdiction of this action under CAFA. Section 1332(d)(2) and (4) provides that a district court shall have original jurisdiction of a class action with 100 or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000. Section 1332(d)(2) further requires that any member of the putative class must be a citizen of a state different from any defendant.

6. <u>Plaintiff's Citizenship</u>: As alleged in the complaint, Plaintiff is and was domiciled in California. (Favarote Decl., ¶2.) For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of

2.
**DEFENDANTS TRANSDEV SERVICES, INC. AND TRANSDEV NORTH AMERICA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

domicile. State Farm Mutual Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

7.      Defendants' Citizenship: Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Transdev Services, Inc. and Transdev North America, Inc., were at the time of the filing of the state court action, and remains a corporation incorporated under the laws of the State of Maryland and Delaware respectively, with their principal place of business in the State of Illinois. Transdev Bus On Demand, LLC was incorporated in Delaware, and its sole member is Transdev Bus On Demand, Inc, with its principal place of business in the State of Illinois. (Isaacs Decl. ¶2.)

8.      The Supreme Court has established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. Hertz Corp. v. Friend, 559 U.S. 777 (2010). The Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." Id. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination…" (Id.) Transdev Services, Inc., and Transdev North America, Inc.'s headquarters, and their executive and senior management personnel as well as their primary management operations are both located in Illinois. (Isaacs Decl., ¶3.) Moreover, the corporate officers of Transdev Services, Inc. actually direct, control and coordinate the corporation's activities from Transdev Services, Inc.'s offices in Illinois. (Id.) The corporate human resources department, employee benefits department, legal department, procurement department, accounting department, and IT department utilized by Transdev Services, Inc., and Transdev North America, Inc. are located in Lombard, Illinois. (Id.) Simply put, Transdev's center of "direction, control and

3.

coordination" is located in the State of Illinois; thus, for diversity purposes, Transdev and Transdev North America, Inc., must be considered citizens of Illinois and Maryland (their state of incorporation). Transdev Bus On Demand, must be considered a citizen of Illinois and Delaware (its state of incorporation). Accordingly, all of the defendants are not a citizen of the State of California.

9. The citizenship of fictitiously named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. section 1441(a).

## AMOUNT IN CONTROVERSY UNDER CAFA

10. Removal is appropriate when it is more likely than not that the amount is controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. See, e.g., Cohn v. PetsMart, Inc., 281 F.3d 837, 839-40 (9th Cir. 2002).

11. This action involves Plaintiff's alleged claims against Defendants for: failure to pay minimum wage; failure to pay overtime, split shift premiums/reporting time, inaccurate wage statements, waiting time wages, Business and Professions Code § 17200, and PAGA. Plaintiff prays for judgment and the following specific relief against Defendants: (1) that the Court declare, adjudge and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate subclasses under the California Code of Civil Procedure §382, (2) that the Court declare, adjudge and decree that Defendants violated the minimum wage and overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to Plaintiff and Class Members, (3) that the Court declare adjudge, and decree that Defendants willfully violated its legal duties to pay all wages and premiums owed under the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders; (4) that the Court declare, adjudge and decree that the Plaintiff and Class Members were, at all times relevant hereto, and are still, entitled to be paid for all hours worked, minimum wage and overtime for work beyond 8 hours in a day and/or 40 hours in a

week; (5) that the Court make an award to the Plaintiff and Class Members of damages and/or restitution for the amount of unpaid overtime compensation and other wages earned and unpaid, including interest thereon, in an amount to be proven at trial; (6) that the Court order Defendant to pay restitution to the Plaintiff and the Class Members due to Defendants' unlawful activities, as alleged; (7) that the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in violation of California Business and Professions Code §17200, *et. seq.* including a backward-reaching injunction for all wrongs heretofore committed; (8) for all other orders, findings and determinations identified and sought in the Complaint; (9) for interest on the amount of any and all economic losses, at the prevailing legal rate; (10) for reasonable attorneys' fees, pursuant to the California Labor Code, including California Labor Code 1194 and/or California Code of Civil Procedure 1021.5 and (11) for costs of suit and any and all other such relief as the Court deems just and proper. (See Favarote Decl., Ex. A, Prayer For Relief, pgs. 24-27.)

12. <u>Amount in Controversy</u>. Without conceding that Plaintiff or the purported class members are entitled to any damages or could recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, is well in excess of $5,000,000, exclusive of interest and costs.

    a. Variables. During the time period of March 2, 2019 to July 23, 2020, as plead in regard to Plaintiff's wage statement and PAGA claims, Transdev Services, Inc. employed at least 2,144 non-exempt employees as bus drivers in California. (Isaacs Decl., ¶4; Favarote Decl., ¶6.) This time period consists of at least 41,286 total pay periods for this group of employees. (<u>Id.</u>) During the time period of March 2, 2017, to July 23, 2020, applicable to Plaintiff's waiting time penalties claim, at least 2,291 putative class members separated from employment with Transdev Services, Inc. (Isaacs Decl., ¶5; Favarote Decl., ¶7.) The average final rate of pay among this group of former employees was approximately $16.01 during this time period. (<u>Id.</u>)

b.    Claim #1: Wage Statement Claim. Plaintiff alleges that Defendants failed to provide the putative class members with complete and accurate wage statements under Labor Code Section 226(a). Plaintiff alleges that Defendants "failed to provide timely, accurate itemized wage statements to Plaintiff and Class Members." (Favarote Decl., Ex. A, ¶59.) Labor Code 226(a) provides a maximum aggregate penalty of $4,000 per affected employee. Where a statutory maximum is specified, "courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Thus, based on Plaintiff's allegations, the amount in controversy for this claim would be approximately $4,021,400.00 (calculated as: 41,286 total pay periods worked by the at least 2,144 putative class members through the relevant time period x $50.00 for the first pay period in violation (2,144 x $50 = $107,200.00) and $100.00 for each subsequent pay period in violation, not to exceed $4,000 per class member (39,142 x $100 = $3,914,200.00). (Isaacs Decl., ¶4; Favarote Decl., ¶6.)

c.    Claim #2: Waiting Time Penalties. Plaintiff alleges that "numerous Class Members, including Plaintiff, were employed by Defendant[sic] during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendant[s]." (Favarote Decl., Ex. A, ¶63.) California Labor Code Section 203 provides that a former employee shall receive regular daily wages for each day they were not paid, at their hourly rate, for up to thirty days. A total of at least 2,291 members of the proposed class separated from employment during the three-year statutory time period. (Isaacs Decl., ¶5.) The amount in controversy for this claim would be approximately

$8,802,938.40 ($16.01 as the average hourly rate for the putative class members x 8 hours x 30 days x 2,291 putative class members). (Isaacs Decl., ¶5; Favarote Decl., ¶7.)

13.   Total Amount in Controversy. Based on only the two claims described above, the class-wide liability exposure is, conservatively estimated, $12,824,338.40.

14.   This amount exceeds the $5,000,000 CAFA minimum before ever taking into account attorneys' fees and interest as well as Plaintiff's PAGA, straight time and overtime, and reporting time claims, which as discussed below must also be taken into account and adds even more to the total amount in controversy.

## ATTORNEYS' FEES

15.   When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. See Brady v. Mercedes-Benz USA, Inc., 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002). Plaintiff has sought attorneys' fees in the Complaint which are permitted by the California Labor Code for some of the Labor Code violations alleged in the Complaint. (Favarote Decl., Ex. A.) They should therefore be included in analyzing the amount in controversy.

16.   Any addition of attorneys' fees would be over and above the amount calculated for alleged damages as analyzed above and would further increase the amount in controversy far beyond the required $5,000,000 threshold for CAFA jurisdiction.

17.   Accordingly, diversity, class size, and amount in controversy under CAFA are satisfied for jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446. Therefore, Defendant has properly removed the State Court Action to this Court.

/ / /

/ / /

## THE REMOVAL IS TIMELY

18. As required by 28 U.S.C. section 1446(d), this Notice of Removal is timely in that it has been filed within thirty (30) days of Defendant's first receipt of the Summons and Complaint.

19. As required by 28 U.S.C. section 1446(d), Defendant will give notice of this removal to Plaintiff through their attorneys of record.

20. As required by 28 U.S.C. section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California in and for the County of Sonoma.

WHEREFORE, having provided notice as is required by law, the above-titled action should be removed from the Superior Court for the County of Sonoma to this Court.

Dated: September 11, 2020

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
TOREY JOSEPH FAVAROTE
JING TONG

By: /s/ Torey Joseph Favarote
    Torey Joseph Favarote

Attorneys for Defendant TRANSDEV SERVICES INC.

# PROOF OF SERVICE

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Boulevard, Suite 300, Long Beach, CA 90807.

On September 11, 2020, I served a copy(ies) of the following document(s):

**DEFENDANTS TRANSDEV SERVICES, INC. AND TRANSDEV NORTH AMERICA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Matthew Righetti<br>John Glugoski<br>Michael Righetti<br>RIGHETTI GLUGOSKI, P.C.<br>The Presidio of San Francisco<br>37 Graham Street, Suite 130<br>San Francisco, CA 94129<br>Tel: (415) 983-0900<br>Fax: (415) 397-9005<br>matt@righettilaw.com<br>mike@righettilaw.com | Attorneys for Plaintiff, JENNIFER RICHARDS, individually and on behalf of all others similarly situated | First Class Mail |

☒ [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on September 11, 2020, at Long Beach, California.

_Thomas Steinhart_

1.
**PROOF OF SERVICE**